# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | Case No. 4:03cr179 |
| | § | (Judge Brown) |
| CHARLES AUSTIN COLE | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on April 6, 2006 to determine whether the Defendant violated his supervised release. The Defendant was represented by Denise Benson. The Government was represented by Randy Blake.

On August 16, 2001, the Defendant was sentenced by the Honorable Barefoot Sanders of the Northern District of Texas to 28 months custody followed by a 3 year term of supervised release for the offense of Mail Fraud and Aiding and Abetting. On April 2, 2003, the Defendant completed his period of imprisonment and began service of his supervised term. Defendant's conditions of supervision were modified on October 11, 2002 to prohibit him from obtaining new credit and to require him to attend substance abuse aftercare. Jurisdiction of the case was transferred to the Eastern District of Texas on November 24, 2003.

Thereafter, on January 3, 2006, the United States Probation Officer filed a

Petition for Warrant or Summons for Offender Under Supervision.  The petition asserted that the Defendant violated the following conditions: (1) Defendant shall report to the probation officer as directed and shall submit a truthful and complete written report within the first five days of each month; (2) Defendant shall notify the probation officer at least 10 days prior to any change in residence or employment; (3) Defendant shall provide the U.S. Probation Officer any requested financial information; and (4) Defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless payment of any financial obligation ordered by the Court has been made in full. The petition alleged that the Defendant committed the following acts:  (1) Defendant failed to report his employment or income from employment since the onset of supervised release; (2) Defendant failed to submit documentation of his wife's finances with his September 23, 2005 personal financial statement; and (3) Defendant opened lines of credit and incurred new credit charges without permission of the U.S. Probation Office.  After a hearing, the Court found that Defendant had violated his supervised released and recommended that Defendant be confined to his home for the remainder of his supervised release.

On March 29, 2006, the Probation Officer filed another Petition for Warrant or Summons for Offender Under Supervision, alleging that Defendant had committed newly discovered additional violations.  The petition alleges that Defendant violated the following terms of his supervised release: (1) Defendant shall not leave the

judicial district without the permission of the Court or probation officer; (2) Defendant shall notify the Probation Officer 10 days prior to any change in residence or employment; and (3) Defendant shall provide the Probation Officer with any requested financial information. The petition alleges that Defendant violated the conditions as follows: (1) On November 18, 2004, Defendant traveled to Los Angeles, California without the permission of the Court or Probation Officer; (2) Defendant failed to notify his Probation Officer that he was employed by Radiolock Tool Company in Plano, Texas; and (3) Defendant failed to provide any financial information regarding Radiolock Tool Company. The petition also listed the terms and violations that were the subject of Defendant's previous revocation hearing, but as the Court has already considered those violations, it need not address them here.

Prior to the government putting on its case, Defendant entered a plea of true to the above listed violations. The Court recommended that Defendant's supervised release be revoked.

**RECOMMENDATION**

The Court recommends that the District Court revoke the Defendant's supervised release. Pursuant to the Sentencing Reform Act of 1984, the Court recommends that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of seven (7) months with six (6) months of home confinement to follow. The Court further recommends that Defendant be housed in the Fort Worth, Texas facility so that his medical needs can be addressed. The Court further recommends that Defendant be ordered to pay restitution in the

3

amount of $318,766.00 to the victims of his crimes, payment to begin immediately in monthly installments of $200.00, payable by cashiers check or money order to the United States District Court and forwarded to the United States District Clerk's Office, P.O. Box 570, Tyler, Texas 75710. The Court recommends that the restitution be paid jointly and severally with Co-Defendant David Lee Griffin's restitution. The Court further recommends that Defendant not be required to pay interest pursuant to 18 U.S.C. § 3612(f)(3)(a). The Court finally recommends that the Probation Officer be directed to notify the United States District Clerk to whom and in what amounts the restitution payments should be distributed.

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 7th day of April, 2006.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE